**WO** KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Carl Thomas Marshall, | ) | No. CV 11-2288-PHX-GMS (MHB) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Matthew McGregor, et al., | ) | |
| Defendants. | ) | |

Plaintiff Carl Thomas Marshall, who is confined in the Maricopa County Fourth Avenue Jail, has filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the action.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $6.33. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" Id. (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*)).

1    If the Court determines that a pleading could be cured by the allegation of other facts,
2    a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the
3    action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court
4    should not, however, advise the litigant how to cure the defects. This type of advice "would
5    undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225,
6    231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was
7    required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for
8    failure to state a claim, without leave to amend because the defects cannot be corrected.

**III.   Complaint**

Plaintiff names the following Defendants in the Complaint: Deputy County Attorney Matthew McGregor, Clerk of the Maricopa County Superior Court Michael K. Jeanes, and Detention Officers Burge and A-Squad Supervisor #7689.

Plaintiff raises two grounds for relief. In Count I, Plaintiff claims his due process rights were violated when he received a supervening indictment while in custody at the Maricopa County Jail. Plaintiff claims this was a "violation of due process and U.S. Postal Service" and that the charges in the indictment are unfounded. Plaintiff further alleges that Defendant Burge delivered the indictment to him with his mail and that Defendant A-Squad Supervisor denied his grievance relating to the indictment.

In Count II, Plaintiff claims that the above incident constitutes a "violation of United States Postal Service."

Plaintiff seeks money damages and to have his criminal charges dismissed.

**IV.   Failure to State a Claim**

Although vague, it appears Plaintiff believes the indictment is invalid because the charges made against him are unfounded and he was not properly served with indictment. To the extent that Plaintiff's criminal proceedings are ongoing, the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971), prevents a federal court in most circumstances from directly interfering with ongoing criminal proceedings in state court. Further, the Younger abstention doctrine bars requests for declaratory and monetary relief

for constitutional injuries arising out of a plaintiff's current state criminal prosecution. Mann v. Jett, 781 F.2d 1448, 1449 (9th Cir. 1986) (*per curiam*). If relief is available to Plaintiff in connection with these proceedings, it lies in the state court.

With respect to Plaintiff's mail claims, § 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. 42 U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995). Plaintiff has failed to allege facts showing that Defendants Burge and A-Squad Supervisor violated his constitutional rights. The simple act of delivering mail from the courts does not constitute a constitutional violation.

The Court will dismiss the Complaint and this action for failure to state a claim.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $6.33.

(3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(5) The docket shall reflect that the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), that any appeal of this decision would not be taken in good faith.

DATED this 4th day of January, 2012.

_____
G. Murray Snow
United States District Judge